UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Kelly Hollands,

Plaintiff,

v.

THE STATE OF MINNESOTA, acting by and through UNIVERSITY OF MINNESOTA, CROOKSTON,

Defendants.

Case No. 01-CV-669 PAM/RLE

**STIPULATION AND AGREEMENT FOR PROTECTIVE ORDER**

and ORDER

---

Plaintiff Kelly Hollands ("Mr. Hollands") and Defendant University of Minnesota – Crookston ("the University"), by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, Mr. Hollands and the University, in connection with the above-captioned case, seeks to inquire as to employment information and student information related to employees and students at the University of Minnesota through document production and deposition testimony; and

WHEREAS, such information may be classified as private personnel data under the Minnesota Government Data Practices Act, Minn. Stat. § 13.43; and

WHEREAS, such information may be classified as private student data under the Minnesota Government Data Practice Act, Minn. Stat. §§ 13.32 and 13.39; the Family Educational and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. Part 99;

16 17

FILED AUG 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

NOW THEREFORE, the parties agree as follows:

1. The University agrees that Mr. Hollands's attorney may inquire as to private employment and student information.

2. The University will not object to deposition testimony on the subjects identified in paragraph 1 *supra,* under the terms and conditions specified below.

3. The use of the documents identifying the above referenced information and the provision of deposition testimony shall be on the following terms and conditions:

a. The documents to be utilized in response to this Stipulation and Agreement and pursuant to the accompanying Order shall be considered "Confidential Materials" under the terms of the Stipulation and Agreement and accompanying Order, and this shall govern the examination and use of such documents.

b. Confidential Materials and information derived therefrom shall be disclosed to and used only by "Qualified Persons," as defined in paragraph 3.d., *infra.* The Confidential Materials shall not be disclosed to any other person unless and until otherwise agreed to by the University or ordered by the Court hearing this action. It is expressly understood that Mr. Hollands or his counsel may not use the Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If Mr. Hollands's counsel wishes to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information

derived therefrom will be designated as Confidential, and shall be treated as Confidential Materials subject to the provisions of this Stipulation and Agreement and pursuant to the accompanying Order.

d. Confidential Materials, including portions of deposition transcripts that constitute Confidential Materials or information derived therefrom, may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

i. The Court, subject to the provisions of subparagraph 3.g. *infra;*

ii. Counsel for the parties to the action, the parties, and the paralegals, clerical, and secretarial staff employed by such counsel and any expert witnesses and attendant expert witness staff retained by the parties;

iii. Court reporters employed in connection with any deposition in the action; and

iv. Any other person that the parties agree to in writing.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph 3.g. *infra.*

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

g. Nothing contained in this Stipulation and Agreement and accompanying Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third party witnesses, either prior to a deposition or trial or during a deposition or trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel—and their staff—for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph 3.b. of this Stipulation and Agreement and accompanying Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived therefrom to anyone who is not a Qualified Person within the meaning of this order.

4. In the event that any Confidential Materials or information derived therefrom are used in a court proceeding herein not under seal, the confidential nature of such documents or information shall be governed by applicable statute and order of the Court.

5. In the event any party or counsel discloses Confidential Materials to persons not deemed Qualified Persons under this Stipulation, Agreement and Order, any aggrieved party may move the Court for a contempt order.

6. Nothing herein shall be construed to affect in any way any party's rights to object to the admissibility of any document, testimony, or other evidence at trial.

7. Upon termination of this litigation, counsel for Mr. Hollands shall promptly return all Confidential Materials and copies thereof to the University's counsel, except that counsel may maintain one copy for professional liability and professional responsibility purposes. If such materials are not promptly returned, the University may move the Court for a contempt order.

8. The designation of any document, information, or thing as confidential under this Order is for purposes of this Protective Order only and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this or any other litigation apart from the application of this Stipulation and Agreement and accompanying Order.

Dated: 8/22/02

MARK B. ROTENBERG
General Counsel
University of Minnesota

By: Jeffrey G. Vigil
Jeffrey G. Vigil (#241520)
Associate General Counsel

360 McNamara Alumni Center
200 Oak Street S.E.
Minneapolis, MN 55455-2006
612-624-4100

Attorneys for Defendant

Dated: 8/22/02

By: Jerry A. Burg
Jerry A. Burg (#214225)
Joni M. Thome (#__________)
650 Traffic Zone Building
250 Third Ave North
Minneapolis, MN 55401
612-333-4858

Attorneys for Plaintiff

**ORDER**

IT IS HEREBY ORDERED, pursuant to the foregoing Stipulation and Agreement, that documents and information protected under the Minnesota Data Practices Act may be utilized and shall be afforded the protections as set forth above.

Dated: 8/26/02

Raymond L. Erickson
The Honorable Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.